IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WAL-MART STORES EAST, LP, D/B/A WAL-MART DISTRIBUTION CENTER #6025<br><br>　　　　　　Defendant. | )<br>)<br>)　Civil Action No: 18-cv-783<br>)<br>)　**C O M P L A I N T**<br>)<br>)　<u>JURY TRIAL DEMAND</u><br>)<br>)<br>)<br>)<br>) |

## **NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and pregnancy, and to provide appropriate relief to Alyssa Gilliam and a class of female employees who were pregnant while working for Defendant. As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Wal-Mart Stores East, LP, d/b/a Wal-Mart Distribution Center #6025 ("Wal-Mart" or "Defendant") violated Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C.S. §§ 2000e(k) and 2000e-2(a)(1), when it failed to accommodate Ms. Gilliam's pregnancy-related medical restrictions with job modifications of the same types that were provided to non-pregnant employees similar in their ability or inability to work, such as the "light duty" provided to employees with work-related injuries. This resulted in Gilliam losing her benefits, having to reduce her hours, and being forced to take unpaid leave. EEOC also alleges that Defendant failed to accommodate other pregnant workers' pregnancy-related

1

medical restrictions while accommodating non-pregnant workers similar in their ability or inability to work.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Wisconsin.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Wal-Mart Stores East, LP d/b/a Wal-Mart Distribution Center #6025 has continuously been and is now a limited partnership registered in Delaware that operates numerous facilities throughout the nation, including Wal-Mart Distribution Center #6025 located in Menomonie, Wisconsin. Wal-Mart Stores East, LP d/b/a Wal-Mart Distribution Center #6025 has continuously been and is now doing business in the State of Wisconsin and the city of Menomonie, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Wal-Mart Stores East, LP, d/b/a Wal-Mart Distribution Center #6025 has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

**ADMINISTRATIVE PROCEDURES**

6. More than thirty days prior to the institution of this lawsuit, Alyssa Gilliam filed a charge with the Commission alleging violations of Title VII, as amended by the PDA, by Defendant.

7. On May 8, 2018, the EEOC found reasonable cause to believe that Defendant violated Title VII when it did not accommodate the pregnancy-related medical restrictions of Gilliam and a class of female employees at Distribution Center #6025.  The EEOC invited Defendant to engage with the Commission in informal conciliation efforts to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission conferred with Defendant regarding conciliation to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. By letter dated August 1, 2018, the Commission informed Defendant that it was unable to secure a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF CLAIMS**

11. From 2014 until October 2017, Defendant has engaged in unlawful employment practices in violation of Title VII, §§ 42 U.S.C. 2000e(k) and 2000e-2(a)(1).

12. In approximately April 2015, when Gilliam was working at Defendant, she became pregnant.

13. Early in her pregnancy, Gilliam asked Defendant whether it would accommodate pregnancy-related lifting restrictions.  Defendant told her that light duty was only available to employees on workers' compensation.

14. Gilliam requested light duty or transfer to a less physically demanding job due to her pregnancy. Defendant denied her requests.

15. Gilliam advised Defendant that she had lifting restrictions due to her pregnancy. Defendant did not comply with her lifting restrictions and continued to require her to lift heavy items.

16. Gilliam had to take intermittent leave because Defendant refused to accommodate her pregnancy-related medical restrictions.

17. Gilliam transferred to a part-time job at Defendant so she would lift fewer hours per week. The transfer resulted in her losing her benefits and a reduction in her paycheck.

18. When Gilliam requested a chair, shorter work days, or additional breaks, Defendant denied Gilliam's requests.

19. On or around November 10, 2015, Gilliam submitted a doctor's note identifying a 5-pound lifting restriction. Defendant immediately placed Gilliam on unpaid FMLA leave. This was two months before she delivered her baby and two months prior to when she wanted to stop working.

20. Defendant denied requests for accommodations for pregnancy-related medical restrictions made by other pregnant workers at Distribution Center #6025, including requests for light duty.

21. Defendant accommodated non-pregnant employees who were similar in their ability or inability to work. For example, Defendant accommodated Distribution Center #6025 employees who had restrictions due to work-related injuries by providing them with light duty.

22. Defendant deprived Gilliam and a class of female employees of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex and pregnancy.

23. The unlawful employment practices complained of were intentional.

24. The unlawful employment practices complained of were done with malice or with reckless indifference to the federally protected rights of Gilliam and the class of female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practices that violated Title VII, as amended by the PDA;

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from denying pregnant workers and applicants the same accommodations made available to other employees similar in their ability or inability to work;

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant workers and applicants, and which eradicate the effects of its past and present unlawful employment practices described herein;

D. Order Defendant to make Ms. Gilliam and a class of female employees whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described herein, including without limitation, reinstatement;

  E. Order Defendant to make Ms. Gilliam and a class of female employees whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described herein;

  F. Order Defendant to make Ms. Gilliam and a class of female employees whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described herein, including but not limited to emotional pain, suffering, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

  G. Order Defendant to pay Ms. Gilliam and a class of female employees punitive damages for its malicious and reckless conduct in amounts to be determined at trial;

  H. Grant such further relief as the Court deems necessary and proper in the public interest; and

  I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

    James Lee
    Deputy General Counsel

    Gwendolyn Reams
    Associate General Counsel

    Equal Employment Opportunity Commission
    131 M St. NE
    Washington, DC 20507

    Gregory Gochanour
    Regional Attorney

    Jean P. Kamp
    Associate Regional Attorney

Elizabeth B. Banaszak
Trial Attorney
Equal Employment Opportunity Commission
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
(312) 869-8113
Elizabeth.Banaszak@EEOC.gov

s/ Carrie Vance
Carrie Vance
Trial Attorney
Equal Employment Opportunity Commission
310 West Wisconsin Avenue, Suite 500
Milwaukee, Wisconsin 53203
(414) 297-1130
Carrie.Vance@EEOC.gov