## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

       Plaintiff,

     v.                                Case No. 3:18-cv-00783

WAL-MART STORES EAST, LP, D/B/A
WAL-MART DISTRIBUTION CENTER #6025,

       Defendant.

### BRIEF IN SUPPORT OF WALMART'S MOTION TO DISMISS

### INTRODUCTION

EEOC's complaint alleges the experience of one person's request for a pregnancy accommodation and the response she received from an unidentified Walmart Associate (employee). EEOC seeks to expand Alyssa Gilliam's experience into a class-wide claim, but absent from EEOC's complaint are any factual details that support a class claim, such as details regarding whether Walmart's decision was motivated by a common policy, who else was denied a pregnancy accommodation, who else received an accommodation unrelated to pregnancy, and whether those other people were similar to Ms. Gilliam in their ability or inability to work. EEOC's complaint includes no specific allegations establishing that it is plausible Ms. Gilliam's experience befell other pregnant Walmart associates, yet EEOC seeks class relief in this lawsuit.

This case raises the issue of whether EEOC can seek class-wide discovery by merely pleading a single-plaintiff case and alleging, in conclusory fashion, that other unidentified individuals must have suffered the same fate as Ms. Gilliam and other unidentified similarly situated individuals must have received favorable treatment. EEOC should not be permitted to proceed with its class claim, because litigants who seek burdensome class discovery must first

comply with the Rule 8 pleading standard announced in *Ashcroft v. Iqbal*, and the level of factual specificity required under *Iqbal* rises with the complexity of the case. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 887 (7th Cir. 2012).

Because EEOC's class allegations only feature threadbare recitals of the statutory elements for Title VII and the Pregnancy Discrimination Act, its class claim fails under *Iqbal* and must be dismissed.

## RELEVANT FACTUAL ALLEGATIONS

**A.    Alyssa Gilliam's Employment.**

Alyssa Gilliam worked for Walmart's Distribution Center #6025 in Menomonie, Wisconsin. (Compl., ¶¶ 4, 12).[1] She became pregnant in April 2015 and thereafter developed pregnancy-related lifting restrictions. *Id.* at ¶¶ 12- 13. EEOC claims that Ms. Gilliam advised Walmart of her restrictions and asked whether the Company would offer her light duty or a transfer to a less physically demanding job. *Id.* at ¶ 14.

According to EEOC, an unidentified Walmart Associate denied Ms. Gilliam's request, telling her that light duty was only available to Associates on worker's compensation. *Id.* at ¶¶ 13-15. Ms. Gilliam thereafter took intermittent leave, transferred to a part-time job within Walmart, and made additional requests for a chair, shorter work days, and additional breaks—all of which Walmart allegedly denied. *Id.* at ¶¶ 16-18. When Ms. Gilliam tendered a doctor's note in November 2015 with a lifting restriction of five pounds, Walmart allegedly placed her on FMLA two months before her delivery date. *Id.* at ¶ 19.

**B.    EEOC's Deficient Class Claim.**

The entirety of EEOC's class allegations are contained in paragraphs 20 and 21 of the complaint, which state as follows:

---

[1] Walmart cites the allegations in EEOC's complaint only for the purposes of this motion to dismiss.  Walmart reserves the right to challenge these allegations at any time later in this proceeding.

QB\54708144.2

> 21.   Defendant denied requests for accommodations for pregnancy-related medical restrictions made by other pregnant workers at Distribution Center #6025, including requests for light duty.
>
> 22.   Defendant accommodated non-pregnant employees who were similar in their ability or inability to work. For example, Defendant accommodated Distribution Center #6025 employees who had restrictions due to work-related injuries by providing them with light duty.

*Id.* at ¶¶ 20-21. In other words, the EEOC assumes—without any factual support—that: (1) pregnant Associates at the Distribution Center other than Ms. Gilliam must have requested similar accommodations for pregnancy-related restrictions, which were denied; and (2) Walmart must have accommodated similarly-situated, non-pregnant Associates.

On these threadbare allegations, which are no more than a restatement of the elements of the claim, EEOC seeks relief for Ms. Gilliam and an entire class of unnamed individuals under Title VII of the Civil Rights Act of 1964 (as amended by the Pregnancy Discrimination Act) and the Civil Rights Act of 1991.[2] *Id.* at p. 1, ¶ 22. These allegations are insufficient for EEOC to proceed with a class claim.

## ARGUMENT

### I.   Especially With Class Claims, Minimum Pleading Standards Require More Than Restating the Legal Elements of a Claim.

"[A] plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain allegations plausibly suggesting—not merely consistent with—an entitlement to relief. *Id.* at 556.  A claim only has facial plausibility when the plaintiff pleads "factual content that

---

[2] EEOC writes that Ms. Gilliam filed a charge of discrimination alleging violations of Title VII, as amended by the Pregnancy Discrimination Act. Walmart asserts that EEOC failed to investigate and conciliate this charge sufficiently—conditions precedent for filing this suit. Walmart preserves this argument and reserves the right to address it later in the proceedings after conducting discovery into EEOC's investigation and conciliation efforts.

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id. at* 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*[3]

The Seventh Circuit similarly holds that courts should "accept the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Thus, EEOC must do more than "merely parrot the statutory language of the claims that [it is] pleading (something that anyone could do, regardless of what may be prompting the lawsuit.)…" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

In complex cases such as the class claims EEOC seeks to pursue, the Seventh Circuit has "observed that under *Iqbal* and *Twombly*, '[t]he required level of factual specificity rises with the complexity of the claim.'" *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 887 (7th Cir. 2012) (quoting *McCauley,* 671 F.3d at 616–17). As an illustration, in the equal protection and Title VII disparate impact class action *Adams v. City of Indianapolis,* the Seventh Circuit observed that in a "complex disparate-impact case like this one, we would expect to see some factual content in the complaint tending to show that the City's testing process, or some

---

[3] In *Swierkiewicz v. Sorena,* 554 U.S. 506 (2002), the Supreme Court earlier held that employment discrimination complaints are governed by the same notice pleading rules as other complaints. Thus, the standards articulated in *Iqbal* and *Twombly* apply to cases litigated under Title VII and other related employment discrimination statutes. This is confirmed by the Supreme Court's opinion in *Iqbal.* When addressing the scope of the *Twombly* holding, the Supreme Court emphasized that *Iqbal* interprets Rule 8 for all civil lawsuits. In particular, the Court wrote that although "*Twombly* determined the sufficiency of a complaint sounding in antitrust, the decision was based on our interpretation and application of Rule 8 . . . That Rule in turn governs the pleading standard in all civil actions and proceedings in the United States district courts. . . Our decision in Twombly expounded the pleading standard for all civil actions . . . and it applies to antitrust and discrimination suits alike." *Iqbal*, 556 U.S. at 684 (internal citations omitted). *Swierkiewicz* is also distinguishable because it did not address class allegations—the claim EEOC seeks to advance in this case.

4

particular part of it, caused a relevant and statistically significant disparity between black and white applicants for promotion." 742 F.3d 720, 733 (7th Cir. 2014) (holding that plaintiff's complaint failed to state a plausible cause of action for disparate impact).

A 2018 case from another District Court in the Seventh Circuit also illustrates the point. In *Watkins v. City of Chicago*, the Northern District of Illinois found that plaintiff's claim about disparate treatment against multiple employees merely stated legal conclusions without the "basics of the *who*, the *what,* and the *how*." 2018 WL 2689537, at *9 (N.D. Ill. Jun. 5, 2018) (emphasis in original). Specifically, the court observed that the plaintiff did "not say which officials or what policies cause[d] the discrimination, how the discrimination operate[d] in practice, or even give anecdotal examples of the alleged disparities (apart from [plaintiff's] own experience)." *Id.* In granting defendant's Rule 12(b)(6) motion to dismiss, the court held the allegations were not enough, "especially to support complex claims of institution-wide intentional discrimination or disparate impact." *Id.* (citing *McReynolds*, 694 F.3d at 887 and *McCauley*, 671 F.3d at 616–17).

Despite seeking a class-wide claim, EEOC alleges nothing beyond the basic elements of a discrete PDA claim. Particularly, EEOC falls short by failing to allege that Walmart, as a matter of policy or practice, accommodates non-pregnant Associates similar in their ability/inability to work as pregnant Associates.

## II.   EEOC's Complaint Fails to Allege any Facts Supporting its Class Claim.

In *Young v. United Parcel Service*, the Supreme Court stated that a successful claim under the PDA requires the court to "determine whether the nature of the employer's policy and the way in which it burdens pregnant women [is such] that the employer has engaged in intentional discrimination." 135 S. Ct. 1338, 1344 (2015). To state a claim for intentional discrimination, the Court announced:

5

> [A] plaintiff alleging that the denial of an accommodation constituted disparate treatment under the Pregnancy Discrimination Act's second clause may make out a prima facie case by showing, as in *McDonnell Douglas* that she belongs to the protected class, that she sought accommodation, that the employer did not accommodate her, and that the employer did accommodate others "similar in their ability or inability to work."

*Id.* at 1354. EEOC must therefore prove that Walmart accommodates non-pregnant Associates while denying accommodations to pregnant Associates ***that are similar in their ability/inability to work***. *Id.*, at 1354-55 (emphasis added). Here, EEOC must support its allegations that a class of pregnant employees have been harmed with specific facts, not just threadbare recitals of the elements.

The only allegations EEOC makes to support class treatment are that Walmart "denied requests for pregnancy-related medical restrictions made by other pregnant workers at Distribution Center #6025," and that Walmart accommodated "Distribution Center #6025 employees who had restrictions due to work-related injuries by providing them with light duty." (Compl., ¶¶ 20–21). But these allegations are too conclusory. EEOC offers no specific factual allegations that these non-pregnant Associates were similar in their ability/inability to work, such as these Associates' positions, job duties, essential job functions, the nature and duration of the restrictions, and the light duty assignments or accommodations supposedly received by the Associates.  All these factual allegations are crucial to establishing a claim under the PDA.

Nor does EEOC identify a Walmart policy denying light duty accommodations to pregnant employees. EEOC cites no statistics showing that a significant number of pregnant employees had their requests for accommodations denied, while Walmart granted the requests of others.

Like *Watkins* cited above, EEOC focuses only on Ms. Gilliam's experience and the statement of one unidentified Walmart Associate; EEOC completely fails to articulate "what

6

policies cause the discrimination, how the discrimination operates in practice, or even give anecdotal examples of the alleged disparities." *Watkins*, 2018 WL 2689537, at *9. Moreover, absent this information, the Court cannot even begin the *Twombly/Iqbal* assessment on whether a reasonable inference exists that the employees who Walmart supposedly accommodated were similar in their ability/inability to putative class members.

Courts routinely dismiss pleadings in multi-plaintiff actions that merely recite the statutory elements without any factual support. *See, e.g., Nicholas v. CMRE Fin. Servs., Inc.*, No. 08-4857, 2009 WL 1652275, at *2, *4 (D.N.J. June 11, 2009) (finding that "[a]fter *Twombly*, courts in this circuit have found that class allegations must also comply with Rule 8(a) in order to proceed to class discovery" and granting a motion to dismiss where the plaintiff's complaint "limit[ed] itself to the language of the statutes and fail[ed] to provide any facts specific" to the plaintiff); *Pazda v. Blast Fitness Grp. Pers. Training, LLC.*, No. 13-CV-00326, 2013 WL 4659688, at *3 (N.D. Ill. Aug. 29, 2013) (citing *Twombly* and *Iqbal* and holding that plaintiff's class allegations failed to comply with the Rule 8 notice pleading standard, because "[a]lthough Plaintiff need only allege basic facts evidencing a plausible claim for relief under the FLSA, what facts Plaintiff presents in the Complaint 'are actually legal conclusions or elements of the cause of action, which may be disregarded on a motion to dismiss.'"); *Kwan Bom Cho v. GCR Corp.*, No. 12 C 4562, 2013 WL 675066, at *2 (N.D. Ill. Feb. 22, 2013) (dismissing claim and observing that "plaintiffs must do more than 'merely parrot the statutory language of the claims that they are pleading (something that anyone could do, regardless of what may be prompting the lawsuit)'; they must "provid[e] some specific facts to ground those legal claims.").

Walmart asks this Court to find, consistent with the above, that EEOC cannot proceed to burdensome class discovery by pleading only the statutory elements with respect to the class claim.

**III.     EEOC's Complaint Thwarts the Practical Concerns Raised by the Supreme Court in *Twombly and Iqbal*.**

The important practical significance of the minimum pleading standard came under discussion in *Twombly* and *Iqbal*, with both opinions expressing concern for discovery burdens and the potential for abuse by litigants. In *Twombly*, the Court held that "something beyond the mere possibility of loss causation must be alleged, lest a plaintiff with 'a largely groundless claim' be allowed to 'take up the time of a number of other people, with the right to do so representing an in terrorem increment of the settlement value.'" *Twombly*, 550 U.S. at 557-558. In *Iqbal*, the Court emphasized that "[i]t is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side." *Iqbal*, 556 U.S. at 685.

EEOC's class-wide lawsuit is a potentially massive factual controversy with the twin ills of costly and protracted discovery. EEOC's complaint would at the least call for discovery into the employment, medical situation, leave records, and insurance claims of both the putative claimants and multiple suspected comparables not parties to this case. Walmart would become vulnerable to a myriad of requests for information, documents, and ESI on each of these issues and with respect to each claimant and suspected non-pregnant comparable.

The same goes for third party discovery: the bevy of subpoenas issued to multiple health care provides, insurance carriers, third party employers, and for worker's compensation and injury records. These third party subpoenas are followed promptly by the disruption on Walmart's retail operation of having multiple management associates hauled into depositions. As feared in *Twombly*, discovery in this case will surely "take up the time of a number of other people." 550 U.S. at 558.

Having raised the prospect of this expansive discovery with its complaint, EEOC must articulate why its allegation that Walmart discriminated against multiple pregnant employees has its basis in more than a hunch.

## CONCLUSION

Granting Walmart's motion would force EEOC to plead its class claims with more specificity—something the Agency should be able to do if it sufficiently investigated the underlying charge— and justify its request for access to expansive discovery. *Iqbal* and *Twombly* both demand this to prevent underdeveloped, listless claims from advancing to discovery where they will monopolize the time of the parties and the Court. For these reasons and those detailed above, Walmart asks the Court to dismiss EEOC's complaint.

Respectfully submitted,

WAL-MART STORES EAST, LP

/s/ *William A. Walden*
One of its attorneys

Susan M. Zoeller
QUARLES & BRADY LLP
135 North Pennsylvania Street
Indianapolis, IN  46204
317.957.5000
susan.zoeller@quarles.com

Christopher L. Nickels (Wis. No. 1083481)
QUARLES & BRADY LLP
411 East Wisconsin Avenue, Suite 2350
Milwaukee, WI 53202-4426
414.277.5000
christopher.nickels@quarles.com

William A. Walden
QUARLES & BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, IL 60654
312.715.5111
william.walden@quarles.com