IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No:  18-cv-783 |
| v. | ) ) | Hon. Barbara B. Crabb |
| WAL-MART STORES EAST, LP, D/B/A WAL-MART DISTRIBUTION CENTER #6025 | ) ) ) ) ) | Hon. Stephen L. Crocker, Magistrate |
| Defendant. | ) | |

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S
MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Equal Employment Opportunity Commission ("EEOC"), hereby submits its

Memorandum in Opposition to Defendant's Motion to Dismiss, Docket Number 8.  EEOC has

adequately pled its class-based claim of sex and pregnancy discrimination against Defendant by

alleging that Defendant refused to accommodate pregnancy-related medical restrictions while

accommodating non-pregnant employees who were similar in their ability or inability to work.

EEOC's allegations are sufficient to put Defendant on notice of the claim against it and establish

a plausible claim for relief.  Defendant's assertion of a heightened pleading standard is contrary

to Seventh Circuit law for employment discrimination cases and particularly inappropriate in this

case, where Defendant is already in sole possession of the factual information it claims that

EEOC must plead.  Therefore, Defendant's Motion to Dismiss should be denied.

## BACKGROUND

EEOC has brought the present action against Defendant alleging that Defendant

discriminated against Alyssa Gilliam and a class of pregnant employees on the basis of their sex

and pregnancy by refusing to accommodate their pregnancy-related medical restrictions while

accommodating non-pregnant employees who were similar in their ability or inability to work. Defendant in this action is a single Wal-Mart facility, Distribution Center #6025, ("Walmart" or "Defendant"), located in Menomonie, Wisconsin.

As set forth in the Complaint, Ms. Gilliam was an employee of Walmart when she became pregnant in approximately April 2015.  Dkt. No. 1, ¶ 12.  Ms. Gilliam asked Walmart if it would accommodate pregnancy-related lifting restrictions and was informed that light duty was only available for employees on workers' compensation.  *Id*. at ¶ 13.  This statement was not made to Ms. Gilliam by a single "Associate" as alleged by Defendant but rather by multiple management officials, including Distribution Center HR Manager John Murphy.[1]  *See* Dkt No. 9, Def.'s Mot. to Dismiss, pp. 1-2.

Ms. Gilliam requested a variety of accommodations over the following months, including light duty, transfer to a less physically demanding position, a chair, shorter work days, and additional breaks.  *Id*. at ¶¶ 14, 18.  All of her requests were denied.  *Id*. at ¶¶ 14, 15, 18.  Ms. Gilliam was forced to take intermittent leave and transfer to a part-time position, resulting in a loss of pay and benefits.  *Id*. at ¶¶ 16-17.  After submitting a doctor's note with a lifting restriction in November 2015, Ms. Gilliam was involuntarily placed on unpaid FMLA leave for the remainder of her pregnancy.  *Id*. at ¶ 19.

The Complaint alleges that Walmart similarly discriminated against a class of pregnant employees at Distribution Center #6025 between 2014 and October 2017.  *Id*. at ¶¶ 11, 20, 22.

---

[1]  In opposing Defendant's motion to dismiss, EEOC may assert and rely on additional facts in its brief that are not included in the Complaint as long as the additional allegations are consistent with the Complaint.  EEOC includes these additional facts to support its claim and to show that it has stated a plausible claim for relief.  By including these additional facts, EEOC does not intend that the Court convert Defendant's motion to dismiss to a motion for summary judgment.  *See Bishop v. Air Line Pilots Ass., Int*., 900 F.3d 388, 399 n. 28 (7th Cir. 2018); *Geinosky v. City of Chicago,* 675 F.3d 743, 745 n. 1 (7th Cir. 2012); *Lenczner v. Wells Fargo, N.A.*, 2016 WL 4734741, *2 (W.D. Wis. Sept. 9, 2016).

Walmart did so by denying accommodations for their pregnancy-related medical restrictions while accommodating medical restrictions for non-pregnant employees who were similar in their ability or inability to work, such as by providing light duty to employees with work-related injuries. *Id*. at ¶¶ 20, 21. This is consistent with Walmart's statements to Ms. Gilliam, that light duty was only provided to employees with work-related injuries and was not available for pregnancy-related medical restrictions. *Id*. at ¶ 13.

Defendant's practice regarding light duty and pregnant employees was further substantiated by information obtained from Defendant during EEOC's pre-suit investigation. Defendant has over 800 employees at Distribution Center #6025. Defendant confirmed that it maintained a light duty program but that light duty was only available for employees with work-related injuries from at least 2014 through September 2017. EEOC served three Requests for Information and an administrative subpoena seeking information about employees who were provided light duty or other accommodations for medical restrictions and about accommodation requests by pregnant employees. In providing only a partial sample of the requested data, Defendant stated that it had provided light duty to fifty-six employees with work-related injuries during an eighteen-month period in 2014/2015 and had not provided light duty to any employee for any other reason. Defendant refused to identify the employees who received light duty or provide any further information about their medical restrictions or light duty assignments. Defendant objected extensively to EEOC's requests and did not provide EEOC with information regarding accommodation requests by pregnant employees other than Ms. Gilliam. Defendant did not identify a single pregnant employee who was given any accommodation other than leave.

## LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). This statement need only "provide enough detail to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible rather than merely speculative, that he is entitled to relief." *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). *See also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 998 (2002). The Supreme Court explicitly upheld Rule 8 and its "notice" pleading standard in the *Twombly* and *Iqbal* decisions. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 403-404 (7th Cir. 2010) discussing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Further, there is no heightened pleading standard for employment discrimination cases and no requirement that a plaintiff plead all of the facts that it might eventually need to establish a *prima facie* case at the summary judgment phase. *See Swierkiewicz*, 534 U.S. at 515; *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013). To the contrary, the Seventh Circuit has repeatedly affirmed that "to prevent dismissal under Rule 12(b)(6), a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex." *See Luevano*, 722 F.3d at 1028. *See also Swanson*, 614 F.3d at 404-405 (discrimination plaintiff need only plead type of discrimination, by whom, and when); *Tamayo*, 526 F.3d at 1081, 1084 (affirming the "minimal pleading standard" for sex discrimination claims, which can be pled "quite generally"); *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 781 (7th Cir. 2007) (in a discrimination claim, it is sufficient to plead "I was turned down

for a job because of my race").  Otherwise, "requiring the plaintiff to plead those unknown details before discovery would improperly deny the plaintiff the opportunity to prove its claim." *Concentra Health Services, Inc.*, 496 F.3d at 780; *Tamayo*, 526 F.3d at 1081 ("[L]itigants are entitled to discovery before being put to their proof[.]").

At the motion to dismiss phase, the complaint is construed in the light most favorable to the plaintiff and all possible inferences are drawn in the plaintiff's favor.  *See Tamayo*, 526 F.3d at 1081.

## ARGUMENT

### I.     EEOC's Complaint States a Class-Based Pregnancy Discrimination Claim

EEOC has properly pled a class-based sex and pregnancy discrimination claim against Defendant.  EEOC has identified Defendant with specificity: Wal-Mart Distribution Center #6025 in Menomonie, Wisconsin.  *See* Dkt. No. 1, ¶ 4.  EEOC has identified the type of discrimination alleged: sex and pregnancy.  *Id*. at ¶ 22.  EEOC has identified the adverse action: denying accommodations to pregnant employees with medical restrictions while granting accommodations to non-pregnant employees who were similar in their ability or inability to work, such as employees with work-related injuries who were granted light duty.  *Id*. at ¶¶ 20, 21.  EEOC has identified the time period of the discrimination: 2014 to October 2017.  *Id*. at ¶ 11.  EEOC further pled that Defendant informed Ms. Gilliam that it was Defendant's practice or policy to give light duty to employees with work-related injuries but not to pregnant women.  *Id*. at ¶ 13.  EEOC has therefore given Defendant fair notice of its claim and has met the Seventh Circuit's pleading standards for sex discrimination claims. *See Luevano*, 722 F.3d at 1028*; Swanson*, 614 F.3d at 404-405; *Tamayo*, 526 F.3d at 1081, 1084; *Concentra Health Services, Inc*., 496 F.3d at 781.

5

## II.     EEOC's Pre-Suit Investigation Substantiates the Class Claim

The plausibility of these claims is further demonstrated by additional information obtained by EEOC during its pre-suit investigation. *See Geinosky,* 675 F.3d at 745 n. 1. Defendant confirmed that, during the relevant time period of 2014 through September 2017, it did in fact have a light duty program that was available solely to employees with work-related injuries. During an eighteen-month period in 2014/2015 (the only period for which data was produced) Defendant provided light duty to fifty-six employees with work-related injuries and zero employees with pregnancy-related medical restrictions. Defendant was unable to identify any pregnant employee who received an accommodation other than leave. These facts are more than sufficient to "allow[] the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678.

## III.    Defendant's Demand for a Heightened Pleading Standard is Contrary to the Law

Defendant's motion argues that EEOC must identify non-pregnant comparators in its Complaint, before any discovery has occurred. *See* Dkt. No. 9, pp. 1, 6. Defendant claims that, to adequately plead its case, EEOC must offer detailed information about non-pregnant employee's job titles, duties, essential job functions, medical restrictions, and the accommodations they received. *Id*. at 6. This demand is contrary to Seventh Circuit law, which requires only that EEOC aver that Defendant took a specified adverse action against employees based on their sex. *See Swanson*, 614 F.3d at 404-405; *Tamayo*, 526 F.3d at 1081, 1084; *Concentra Health Services, Inc*., 496 F.3d at 781.

The information demanded by Defendant goes far beyond the minimal notice pleadings requirement for employment discrimination cases and is tantamount to requiring EEOC to go straight to summary judgment without the benefit of discovery. *See Swierkiewicz*, 534 U.S. at

515; *Luevano,* 722 F.3d at 1028.  The Supreme Court and the Seventh Circuit have both made it clear that "the pleading standards in Title VII cases are different from the evidentiary burden a plaintiff must subsequently meet" later in the litigation, such that there is no requirement that plaintiffs establish all the elements of a *prima facia* case in their initial pleading.  *Id*.  In fact, the Seventh Circuit has explicitly held that a plaintiff need not even allege the <u>existence</u> of a comparator (let alone identify the comparator) to state a claim of sex discrimination.  *See Carlson*, 758 F.3d at 827.  Therefore, Defendant's claim that detailed information about the job history, medical restrictions, and accommodations provided to comparators may eventually be "crucial to establishing a claim under the PDA" ignores the appropriate standard for ruling on a motion to dismiss, by demanding that EEOC be put to its proof before there has been any opportunity for discovery.  *See* Dkt. No. 9, p. 6; *Tamayo*, 526 F.3d at 1081.  It is also a standard that no private plaintiff, with no ability to access the medical records or personnel files of possible comparators prior to discovery, would ever be able to meet.

Further, none of the cases cited by Defendant are comparable to the instant case.  This is a straight-forward discrimination case with a single class-based claim, asking whether Defendant violated Title VII by denying accommodations the pregnant workers at a single Walmart facility over a period of less than four years.  *See* Dkt. No. 1.  This is not the kind of case that the Seventh Circuit was considering when it discussed whether more factual specificity is required in pleading certain "complex" cases.  *See McReynolds v. Merrill Lynch & Co*., 694 F.3d 873 (7th Cir. 2012) (nationwide class action alleging multiple claims); *McCauley v. City of Chicago*, 671 F.3d 611 (7th Cir. 2011) (case using novel theory to bring constitutional claims against multiple state and individual defendants).  Nor is there any reason to believe that discovery will be particularly burdensome, given that the case is limited in scope to workers with medical

restrictions at a single Walmart facility over a period of less than four years.  It cannot be the case that Defendant truly believes, as it states in its motion, that the appropriate standard for determining whether discovery is unusually burdensome is that it will "take up the time of a number of other people."  *See* Dkt. No. 9, p. 8.  EEOC has more than met the standard for pleading a straight-forward sex discrimination claim and is entitled to discovery within the relatively modest scope of its claims.

**IV.** **Defendant is in Sole Possession of the Information it Claims EEOC Must Plead to Put Defendant on Notice of that Information**

Further, in this case, Defendant's demand that EEOC plead information such as the identity, medical restrictions, and light duty assignments of potential comparators is particularly disingenuous.  The information Defendant claims to seek is solely within its own possession. Defendant refused to cooperate in large part with EEOC's pre-suit investigation, raising extensive objections and refusing to identify the workers that received light duty or provide information about their medical restrictions or light duty assignments.  Defendant now says that EEOC must plead exactly the information that Defendant refused to produce to EEOC (despite being served with repeated written requests and an administrative subpoena).  EEOC's Complaint is more than sufficient to give Defendant fair notice of the basis of EEOC's claim and provide the information Defendant needs to begin to prepare its defense.  *See Luevano*, 722 F.3d at 1028*; Tamayo*, 526 F.3d at 1085. To grant Defendant's motion in these circumstances would do nothing to advance the purpose of the Rule 8 pleading requirements and would only reward Defendant for engaging in obstructionist behavior.

**CONCLUSION**

For the foregoing reasons, EEOC respectfully requests that the Court deny Defendant's Motion to Dismiss.

Dated:  December 11, 2018                     Respectfully submitted,


                                              */s Elizabeth B. Banaszak*_____
                                              Elizabeth B. Banaszak
                                              Trial Attorney
                                              Equal Employment Opportunity Commission
                                              500 West Madison Street, Suite 2000
                                              Chicago, Illinois 60661
                                              (312) 869-8113
                                              Elizabeth.Banaszak@EEOC.gov

                                              Carrie Vance
                                              Trial Attorney
                                              Equal Employment Opportunity Commission
                                              310 West Wisconsin Avenue, Suite 500
                                              Milwaukee, Wisconsin 53203
                                              (414) 297-1130
                                              Carrie.Vance@EEOC.gov