## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

      Plaintiff,

      v.                            Case No. 3:18-cv-00783

WAL-MART STORES EAST, LP, D/B/A
WAL-MART DISTRIBUTION CENTER #6025,

      Defendant.

## REPLY BRIEF IN SUPPORT OF WALMART'S MOTION TO DISMISS

EEOC's complaint is based entirely on the singular experience of Alyssa Gilliam. Walmart moved to dismiss the class aspect of EEOC's complaint because it fails to allege any factual details necessary to support a class complaint. EEOC responded (Dkt. #10) by arguing that it had sufficiently plead a violation of the PDA as it relates to Gilliam, and that by generically stating "other employees experienced the same thing," EEOC has successfully pled a class claim.

EEOC has not plead a class claim. To state a complex class claim, as EEOC does here, EEOC must plead more than a single plaintiff case. *See McReynolds v. Merrill Lynch & Co*., 694 F.3d 873, 887 (7th Cir. 2012) ("The required level of factual specificity rises with the complexity of the claim.") (internal quotations omitted). Courts routinely recognize this fundamental principle, for example:

- *Watkins v. City of Chicago*, 2018 WL 2689537, at *9 (N.D. Ill. Jun. 5, 2018) ("[Plaintiff] does not say which officials or what policies cause the discrimination, how the discrimination operates in practice, or even give anecdotal examples of the alleged disparities (apart from [Plaintiff's] own experience). This is not enough, especially to support complex claims of institution-wide intentional discrimination or disparate impact.")

- *Kasica v. U.S. Dep't of Homeland Sec., Citizenship & Immigration Servs.*, 660 F. Supp. 2d 277, 282 (D. Conn. 2009) ("[B]ecause plaintiff's class-wide allegations lack any factual specificity, she has failed to state a viable claim that the Government violated her due-process rights.")

- *Nicholas v. CMRE Fin. Servs., Inc.,* 2009 WL 1652275, at *2, *4 (D.N.J. June 11, 2009) (finding that "[a]fter *Twombly*, courts in this circuit have found that class allegations must also comply with Rule 8(a) in order to proceed to class discovery")

In its response, EEOC relies upon the pleading standard for a single-plaintiff discrimination case. Indeed, all of the cases cited by EEOC are single-plaintiff cases:

- *Swanson v. Citibank*, N.A., 614 F.3d 400, 403–404 (7th Cir. 2010) (single *pro se* loan applicant pursuing various fraud and discrimination claims against lender and real estate appraiser)

- *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013) (single plaintiff suing employer for sex discrimination and retaliation)

- *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) (single plaintiff suing employer for sex discrimination and retaliation)

- *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 781 (7th Cir. 2007) (EEOC pursuing retaliation claim on behalf of single employee)

- *Swierkiewicz v. Sorena*, 554 U.S. 506 (2002) (addressing the pleading standard in a single-plaintiff employment lawsuit)

Rather than confronting the central issue of why this matter should be allowed to proceed as a class, EEOC dodges the issue by: (1) downplaying the significance of *McReynolds*; (2) shifting the blame to Walmart for EEOC's own pleading deficiency; and (3) downplaying the discovery burden in this lawsuit. These arguments do not cure EEOC's insufficient complaint.

### *Twombly, Iqbal, and McReynolds* Apply to Class-Wide Actions

EEOC concedes that it has alleged specific facts (the who, what, and when) relating to Alyssa Gilliam only. EEOC argues that Gilliam's experience alone should provide the basis for a class-wide lawsuit. The premise for EEOC's argument appears to be that the number of plaintiffs or complexity of the case makes no difference: regardless of whether the case has one plaintiff or 1,000, it is sufficient to allege specific facts about one person and generically state that others

2

have suffered the same treatment. EEOC cites to no authority to support this type of argument (i.e., none of EEOC's cases rule on class-wide litigation).

The premise for EEOC's argument fails to follow *McReynolds*, which requires a plaintiff seeking class treatment in a complex matter to allege more than an individual discrimination claim. 694 F.3d at 886-87. EEOC's argument also contradicts Supreme Court rulings, which consider the *nature* of the claim when determining the factual specificity required for it to proceed. *See, e.g., Associated Gen. Contractors of Cal., Inc. v. Carpenters,* 459 U.S. 519, 528, n. 17 (1983) ("Certainly in a case of this magnitude, a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("[T]he costs of modern *federal antitrust litigation* and the increasing caseload of the federal courts counsel against sending the parties into discovery when there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint") (emphasis added); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("determining whether a complaint states a plausible claim is *context specific*, requiring the reviewing court to draw on its experience and common sense") (emphasis added).

Particularly troubling is that, unlike a private plaintiff, EEOC does not have to meet the burden of Fed. R. Civ. P. 23 for this case to continue as a class action. *See General Telephone Co. v. EEOC*, 446 U.S. 318 (1980).  Thus, at a minimum EEOC must properly *plead* a class action at the outset of this litigation.  In light of the holdings in *McReynolds* and these Supreme Court rulings, EEOC cannot satisfy its pleading requirement for a class action by alleging facts related to one person and averring, without specific detail, that others received the same treatment.

QB\55317419.2

**Blaming Walmart Does Not Justify EEOC's Pleading Deficiency**

EEOC blames Walmart for its pleading deficiency by alleging that Walmart did not provide all of the information EEOC sought during the administrative phase of this matter. EEOC acknowledges that Walmart produced data on the 56 associates at Distribution Center #6025 who received temporary alternative duty assignments in 2014 and 2015. Dkt. #10, p. 3. Notably, this information produced by Walmart included identifying information about those associates, such as initials, gender, position title, and dates of the TAD assignment. Walmart also produced its accommodation policies and information on associates receiving job-related accommodations.

None of this information in EEOC's possession appears in EEOC's complaint. EEOC's sole allegation about comparables is that "Defendant accommodated non-pregnant employees who were similar in their ability or inability to work. For example, Defendant accommodated Distribution Center #6025 employees who had restrictions due to work-related injuries by providing them with light duty." Dkt. #1, ¶ 21. Certainly, this is not enough to expand Gilliam's experience into a class action.

**EEOC Downplays the Burden of Class Discovery at Distribution Center #6025**

EEOC suggests that discovery will not burden Walmart because "the case is limited in scope to workers with medical restrictions at a single Walmart facility over a period of less than four years." Dkt. #10, pp. 7–8. That one Distribution Center, though, has over 800 employees. *Id*. at p. 3. EEOC will likely seek in discovery employment documents for each claimant (items such as leave records, personnel files, and information on essential job functions) together with personal medical information, the discovery of which might be viewed as invasive by an associate who otherwise had no involvement in Gillaim's underlying claim. Walmart also

anticipates requests from EEOC for the depositions of any individual with relevant knowledge of any claimant's ability to work.

As it relates to comparables, EEOC and Walmart agree that Walmart disclosed more than 50 associates who received either temporary alternative duty or some form of job-related accommodation in an 18-month period in 2014 and 2015. EEOC wants to double this time period and seek discovery into each associate receiving temporary alternative duty or an accommodation through September 2017. This will likely involve gathering employment files, essential job function information, as well as invading these associates personal medical and leave records, worker's compensation records, and accommodation files.

Walmart also reiterates the expansive nature of third party discovery. For each putative claimant and alleged comparable, there would be discovery (and potentially depositions) into the personal medical information of many associates from third party providers, benefits files from insurance carriers, and records from third party employers.

The particulars of this anticipated discovery are important, and merely saying that this is a "straight-forward sex discrimination claim" does not appreciate the time, personnel, business disruption, and expense involved with discovery in this lawsuit.

QB\55317419.2

## CONCLUSION

For these reasons and those detailed above, Walmart asks the Court to dismiss EEOC's complaint.

Respectfully submitted,

WAL-MART STORES EAST, LP

*/s/ William A. Walden*
One of its attorneys

Christopher L. Nickels
QUARLES & BRADY LLP
411 East Wisconsin Avenue, Suite 2350
Milwaukee, WI 53202-4426
414.277.5000
christopher.nickels@quarles.com

William A. Walden
QUARLES & BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, IL 60654
312.715.5111
william.walden@quarles.com

QB\55317419.2