IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                                       OPINION AND ORDER

              Plaintiff,

                                        18-cv-783-bbc

    v.

WAL-MART STORES EAST, LP,

             Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Equal Employment Opportunity Commission has filed this lawsuit under Title VII of the Civil Rights Act of 1964, §§ 42 U.S.C. 2000e(k) and 2000e-2(a)(1), alleging that defendant Wal-Mart Stores East, LP discriminated against Alyssa Gilliam and other pregnant employees by failing to accommodate their pregnancy-related medical restrictions, even though it accommodated the medical restrictions of non-pregnant employees. Now before the court is defendant's motion to dismiss plaintiff's class claims. Dkt. #8. For the reasons explained below, I am denying the motion to dismiss.

      Plaintiff alleges the following facts in its complaint.

ALLEGATIONS OF FACT

      Alyssa Gilliam was an employee of defendant's Distribution Center #6025 in Menomonie, Wisconsin when she became pregnant in approximately April 2015. Early in her pregnancy, Gilliam asked defendant whether it would accommodate pregnancy-related lifting restrictions, and defendant told her that light duty work was available only to

1

employees on workers' compensation. Over the following months, Gilliam requested a variety of accommodations, including light duty, transfer to a less physically demanding position, shorter work days, a chair and additional breaks. Defendant denied all of her requests, forcing Gilliam to take intermittent leave and then transfer to a part-time position that resulted in a loss of her benefits and a reduction in pay. After Gilliam submitted a doctor's note with a five-pound lifting restriction on November 10, 2015, defendant placed Gilliam on involuntary, unpaid leave under the Family Medical Leave Act for the remaining two months of her pregnancy.

From 2014 to October 2017, defendant denied requests for accommodations (including light duty) for pregnancy-related medical restrictions from other pregnant employees at Distribution Center #6025, even though it provided light duty to similarly-situated, non-pregnant employees with work-related injuries. Gilliam filed a charge of discrimination with plaintiff. On May 8, 2018, plaintiff found reasonable cause to believe that defendant had violated Title VII when it did not accommodate the pregnancy-related medical restrictions of Gilliam and a class of female employees at Distribution Center #6025. Plaintiff invited defendant to engage in informal conciliation efforts to provide appropriate relief but no agreement was reached.

OPINION

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the complaint's legal sufficiency. A complaint survives a motion to dismiss if it "contain[s] sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

As both parties recognize, the Court of Appeals for the Seventh Circuit has stated repeatedly that the pleading requirement for employment-discrimination claims is minimal and that plaintiffs are not required to include allegations that would establish a prima facie case of discrimination. Tate v. SCR Medical Transportation, 809 F.3d 343, 346 (7th Cir. 2015) (plaintiff need only "aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex"); Carlson v. CSX Transportation, Inc., 758 F.3d 819, 827 (7th Cir. 2014) (criticizing district court for relying on "summary judgment decisions that addressed not the content of complaints but the evidence needed to take a claim to a jury"); EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 781-82 (7th Cir. 2007) (stressing simplicity of pleading Title VII discrimination claim); Clark v. Law Office of Terrence Kennedy, Jr., 709 Fed. Appx. 826, 828-29 (7th Cir. 2017). Generally, it is sufficient that the "complaint contain[] factual allegations identifying (1) who discriminated against [the plaintiff]; (2) the type of discrimination that occurred; and (3) when the discrimination took place." McCauley v. City of Chicago, 671 F.3d 611, 617 (7th Cir. 2011). See also Swanson

v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together.").

Defendant contends that plaintiff's complaint includes no allegations that would suggest that other pregnant associates experienced the same treatment as Gilliam, such as details about whether defendant's decision was motivated by a common policy, who else was denied pregnancy-related accommodations, who received accommodations unrelated to pregnancy and whether others receiving accommodations were similar to Gilliam in their ability or inability to work. Contrary to defendant's assertion, plaintiff has done more than merely "recite the statutory elements" of a class action claim without any factual support. Twombly, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of [its] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

Plaintiff alleges that from 2014 to October 2017, defendant denied requests for accommodations for pregnancy-related medical restrictions at the Menomonie store, even though it provided light duty to similarly-situated, non-pregnant employees with work-related injuries. It further alleges that defendant told Gilliam that light duty work was available only to employees on workers' compensation and not to pregnant employees. In addition, plaintiff included its class allegations in the charge of discrimination it issued in May 2018. These allegations are sufficient to place defendant on notice of the class claim that plaintiff seeks to pursue, identifying a general policy with respect to pregnancy-related accommodations applied by defendant at its Menomonie store during a specific time period.

At this early stage, it is not necessary for plaintiff to identify the non-pregnant employees who were treated differently or the nature of their job functions or accommodations. Carlson, 758 F.3d at 827 (plaintiff not required to plead "existence of similarly situated comparator"); Concentra Health Services, 496 F.3d at 780 ("[A] plaintiff might sometimes have a right to relief without knowing every factual detail supporting its right; requiring the plaintiff to plead those unknown details before discovery would improperly deny the plaintiff the opportunity to prove its claim."). Accordingly, defendant's motion to dismiss will be denied.

## ORDER

IT IS ORDERED that defendant Wal-Mart Stores East, LP's motion to dismiss, dkt. #8, is DENIED.

Entered this 29th day of January, 2019.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge